IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUAN REYES,

        Plaintiff,

                            CIVIL ACTION
  vs.                        No. 06-3125-SAC

M. X. SEDILLO, et al.,

        Defendants.


ORDER

This matter is before the court on a civil action filed by a prisoner at the United States Penitentiary, Leavenworth, Kansas (USPL). Plaintiff proceeds pro se and submitted the full filing fee. He proceeds under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680.

**Background**

During May and June 2003, plaintiff was required to work extra duty at USPL due to an institutional lockdown. Due to his schedule, which plaintiff asserts caused him to work from 6 a.m. to 10 p.m., plaintiff was unable to work on his direct

appeal and borrowed funds from his elderly father to retain counsel.  Plaintiff claims his attorney provided ineffective assistance on appeal, and he seeks reimbursement from the defendants to repay the funds he borrowed.  He also requests a written statement from the Bureau of Prisons to the U.S. Court of Appeals for the Eighth Circuit asking that the plaintiff be allowed to present claims that his counsel failed to present on appeal.

## Discussion

Pursuant to 28 U.S.C. § 1915A, a court shall review a civil action filed by a prisoner who seeks relief from a governmental entity, officer or employee.  Following that review, the court may dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  §1915A(b).

The jurisdiction of the federal courts is limited by the cases-or-controversies requirement.  U.S. Const. art. III, § 2.  That requirement has three components: (1) an injury in fact, that is, an invasion of a legally protected interest; (2) a causal relationship between the conduct alleged by the plaintiff and the injury, and (3) a likelihood that the injury will be remedies by a favorable decision.  <u>Northeastern Fla.</u>

Chapter of the Associated Gen. Contractors of Am. v. City of Jacksonville, 508 U.S. 656, 663-64 (1993); Skull Valley Band of Goshute Indians v. Nielson, 376 F.3d 1223, 1233 (10th Cir. 2004).

Here, the injury alleged by the plaintiff, the allegedly ineffective assistance of retained counsel, cannot be traced to the challenged conduct of the defendants in requiring the plaintiff to work longer hours.  Even though the longer hours resulted in the plaintiff's decision to retain counsel, the injury arising from the performance of that counsel is not attributable to the defendants.  Having carefully considered the complaint, the court finds the plaintiff has failed to state a claim upon which relief may be granted.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) is dismissed as moot.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this  day of June, 2006.

```
                              S/ Sam A. Crow
                              SAM A. CROW
                              United States Senior District Judge
```